

August 17, 2023

**VIA ELECTRONIC FILING**
Hon. H. Kenneth Schroeder, Jr.
Magistrate Judge
US District Court, Western District of New York
2 Niagara Square, 5th Floor
Buffalo, NY  14202

          Re:    *Mineweaser v. One Beacon America Insurance Company, et al.*
                Civil Action No: 14-CV-585

                *Thiebaud/Estate of Arthur E. Neilson v. One Beacon America Insurance Company, et al.* Civil Action No: 14-CV-01093

                *Peace v. One Beacon America Insurance Company, et al.*
                Civil Action No.: 15-CV-00177

                *Muir v. Lamorak Ins. Co., et al.*
                Civil Action No.: 16-CV-89

**STATUS REPORT REGARDING REQUESTS FOR DISCOVERY FROM DEFENDANT SEATON INSURANCE COMPANY PURSUANT TO THE COURT'S TEXT ORDER DATED JULY 20, 2023**

Dear Magistrate Judge Schroeder:

      We write on behalf of Defendant The Continental Insurance Company, Individually and as Successor to Certain Liabilities of Harbor Insurance Company ("Continental") with respect to the Court's request for a Status Report regarding Continental's pending requests for discovery from Defendant Providence Washington Insurance Company f/k/a Seaton Insurance Company ("Seaton").

      As set forth in Continental's prior correspondence, including that dated July 11, 2023, Continental served discovery on Seaton related to the allocation-related issues presented by Plaintiffs' three pending Motions: (referred to collectively herein where applicable as "Plaintiffs' Motions"):(1) Plaintiffs' Motions "Pursuant To F.R.C.P. Rules 54(b) and 58(b)(2) for Court Approval and Entry of Monetary Judgments" ("Motions for Entry of Judgment") (*Mineweaser* Docket No. 203; *Thiebaud* Docket No. 114; *Peace* Docket No. 108; *Muir* Docket No. 80); (2) Plaintiffs' Motions "Pursuant to F.R.C.P. Rule 41(a)(2) for Approval of Settlements with and

Dismissal of Claims Against Defendants, Harper Insurance Limited F/K/A Turegum Insurance Company, and Assicurazioni Generali, SPA." (Mineweaser Docket No. 207; Thiebaud Docket No. 118; Peace Docket No. 112; Muir Docket No. 84); and (3) Plaintiffs' Motions "For Dismissal of Claims Against Defendant Providence Washington Insurance Company f/k/a Seaton Insurance Company, With Prejudice" (Mineweaser Docket No. 212; Thiebaud Docket No. 123; Peace Docket No. 117; Muir Docket No. 89). Pursuant to the Court's July 20, 2023 Text Order, all deadlines and briefing related to Plaintiffs' Motions have been stayed pending resolution of the outstanding discovery issues, including Continental's pending Motion to Compel against Plaintiffs and the outstanding discovery sought from Seaton.

As previously reported, Seaton initially refused to provide any of the discovery requested by Continental. During a meet and confer discussion held on July 13, 2023, counsel for Seaton advised that it was maintaining most of its objections, but that it would take under further consideration Continental's requests relating to Plaintiffs' Agreement with Seaton's Affiliate and the Funding Amount contained therein, which was previously undisclosed, as well as Continental's requests for, at minimum, a privilege log. Despite originally being told that a further response would be received by the week of July 17th, and only after follow-up requests from the undersigned, Seaton provided its further response for the first time just before the close of business on August 14, 2023.

With respect to the Funding Amount contained in Plaintiffs' Agreement with Seaton's Affiliate, after refusing to provide same for months and after Continental's Motion to Compel was fully briefed, Plaintiffs disclosed the Funding Amount on August 10, 2023. To be clear, while this disclosure does resolve the dispute with respect to Continental's requests for an unredacted version of the "Funding Agreement,"[1] it does <u>not</u> resolve the balance of the issues that remain pending in Continental's Motion to Compel against Plaintiffs.

Likewise, while the belated disclosure of the Funding Amount by Plaintiffs moots any such requests for same from Seaton, it does not in and of itself moot the remaining issues, including Continental's requests for privilege logs. Continental only just received Seaton's further response and disagrees with many of the positions it has taken both legally and factually. Continental is assessing what Seaton has asserted, but based on the exchanges to date it appears that a Motion to Compel will likely be necessary.

We thank the Court for its time and consideration, and can be available at the Court's convenience if there are any questions.

Respectfully submitted,

MENDES & MOUNT, LLP

Eileen T. McCabe
Jaimie H. Ginzberg

*Counsel for Defendant The Continental Insurance Company, Individually and as Successor to Certain Liabilities of Harbor Insurance Company*

cc:   All Counsel of Record (via electronic filing and e-mail)

---

[1] It should be noted that it appears Plaintiffs have not produced a fully executed version of the Agreement.